IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAS UVAS VALLEY DAIRIES,
a New Mexico General Partnership,

              Debtor.

Case No. 17-12356-t11

ROBERT MARCUS, NOT INDIVIDUALLY,
BUT SOLELY AS SUCCESSOR TRUSTEE
OF THE LAS UVAS DAIRIES
LIQUIDATING TRUST,

              Appellant,

No. CIV 24-0001 JB/KRS

vs.

DOÑA ANA COUNTY TREASURER,

              Appellee.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the appeal of Appellant Robert Marcus, Not Individually, but Solely in his Capacity as Successor Liquidating Trustee of the Las Uvas Dairies Liquidating Trust from the United States Bankruptcy Court for the District of New Mexico's Order Resulting from District Court's Final Judgment ("Remand Order")(dated December 1, 2023), filed January 2, 2024 (Doc. 1-1), and the Bankruptcy Court's supporting Opinion (dated December 1, 2023), filed January 2, 2024 (Doc. 1-1)("Remand Opinion"). Appellee Doña Ana County[1] opposes Marcus' appeal in its entirety. See Response Brief of Appellant Doña Ana County Treasurer at 2, filed March 13, 2025 (Doc. 25)("Response Brief"). The Court has jurisdiction over

---

[1] The Doña Ana County Treasurer is acting for the County of Doña Ana's benefit in this appeal. See N.M. Stat. Ann. § 4-46-1 (providing that "county officers, when authorized by law," may "su[e] in their name of office for the benefit of the county"). Accordingly, and for lucidity, the Court will refer to the Treasurer as the County.

the underlying appeal pursuant to 28 U.S.C. § 158.² The Court, having reviewed the parties' briefs and the record on appeal, reverses the Bankruptcy Court's Remand Order to the extent that the Bankruptcy Court does not consider the Appellant's laches argument.

## BACKGROUND³

The procedural history of this appeal spans more than six years and includes proceedings in the United States Bankruptcy Court for the District of New Mexico, the United States Bankruptcy Appellate Panel of the Tenth Circuit, the United States District Court for the District of New Mexico, and the Tenth Circuit Court of Appeals. The Court does not endeavor to provide an exhaustive overview of the proceedings that have culminated in this appeal and instead summarizes the relevant procedural history below.⁴ Suffice it to say that the conflict in this case stems from the County's belated attempts to collect personal property taxes on the debtor's dairy herd after the Bankruptcy Court entered an order confirming trustee Marcus' liquidation plan. See Remand Opinion at 509.

---

²It is undisputed that Marcus timely filed an appeal.

³The Bankruptcy Court's factual findings on which the Court relies herein are undisputed. See, e.g., In re Anderson, No. 08-20339 EEB, 2010 WL 3843608, at *1 (D. Colo. Sept. 27, 2010) ("[b]orrowing liberally from the bankruptcy court's . . . findings of fact" where the parties "d[id] not challenge" them). The Court also "take[s] judicial notice of [certain] court records in the underlying proceedings" not included in the record on appeal. Gee v. Pacheco, 627 F.3d 1178, 1191 (10th Cir. 2010); In re McDaniel, 973 F.3d 1083, 1087 n.3 (10th Cir. 2020)(taking judicial notice of records in bankruptcy court's file on appeal); In re Schupbach, 607 F. App'x 831, 838 (10th Cir. 2015)(bankruptcy appellate panel did not err in taking judicial notice of document on bankruptcy court's docket on appeal).

⁴An exhaustive recitation of the facts of the initial Bankruptcy hearing and initial appeal before the District Court may be found in this Court's prior Memorandum Opinion and Order issued in the initial bankruptcy appeal. See Doña Ana Cnty. Treasurer v. Robert Marcus, Successor Liquidating Tr. of Las Uvas Valley Dairies Liquidating Tr., No. CIV. 20-01013 JB/KK, filed September 30, 2021 (Doc. 23).

1. **Initial United States District Court Appeal.**

On October 5, 2020, the County filed its Notice of Appeal (D.N.M. 2020 Doc. 1) before the United States District Court of New Mexico.[5] In its opening brief, the County argues that: (i) the 2017 Livestock Taxes[6] were incurred post-petition, or, alternatively, that the Bankruptcy Court should have allowed the County either to (a) amend the Proof of Claim to include the 2017 Livestock Taxes; or (b) to file a new claim for the 2017 Livestock Taxes out of time on the basis of excusable neglect; and (ii) claims for the 2017 and 2018 Livestock Taxes should have been allowed as post-petition administrative claims, because the Administrative Claims Bar Date[7] did not apply to the County, and even if the Administrative Claims Bar Date did apply to the County, the Bankruptcy Court should not have enforced it, because it violated Bankruptcy Code § 503(b)(1)(D). See Memorandum Opinion and Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition at 10, filed September 30, 2021 (D.N.M. 2020 Doc. 23)("Appeal Decision").

On August 27, 2021, the Honorable Kirtan Khalsa, United States Magistrate Judge for the United States District Court for the District of New Mexico, entered her Proposed Findings and

---

[5]Citations to "BR Doc." refer to filings in the underlying bankruptcy case, Case No. 17-12356-t11, which are included in the record on appeal as Volumes I and II. See Record on Appeal, Volume I, filed March 1, 2024 (Doc. 5); Record on Appeal, Volume II, filed March 1, 2024 (Doc. 6). Additionally, the Court cites to the 2020 district court appeal, titled Doña Ana County Treasurer v. Robert Marcus, Successor Liquidating Trust of Las Uvas Valley Dairies Liquidating Trust, No. CIV 20-1014 JB/KK (D.N.M.), using the shorthand (D.N.M. 2020 Doc.).

[6]The 2017 Livestock Taxes are taxes which the County assessed on the debtor's dairy herd, and which the County is now trying to collect. See Opinion at 11 (dated December 1, 2023), filed January 2, 2024 (Doc. 1-1). The Court's reference to the Opinion's page eleven refers to the ECF numbers at the top right of the page in this case, No. CIV 24-0001 JB/KRS.

[7]Pursuant to the Bankruptcy Court's Confirmation Order, the Administrative Claims Bar date is fifteen days after June 14, 2018. See Memorandum Opinion and Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition at 6, filed September 30, 2021 (D.N.M. 2020 Doc. 23).

Recommended Disposition (D.N.M. 2020 Doc. 18). On September 30, 2021, the Court issued its Appeal Decision. In the Appeal Decision, the Court affirmed the Bankruptcy Court's determination that the 2017 Livestock Taxes were incurred pre-petition and that the County's claim for the 2017 Livestock Taxes could not be added by amendment to the Proof of Claim. See Appeal Decision at 19-20. The Court remanded the case to the Bankruptcy Court to determine whether: (i) the County may file a new prepetition claim for the 2017 Livestock Taxes out of time based on excusable neglect; (ii) the personal property taxes included in the County's timely Proof of Claim were for livestock; and (iii) if there is any basis, other than the Administrative Claims Bar Date, on which to reject the Administrative Claim. See Appeal Decision at 20-37.

On October 6, 2021, the Trustee appealed to the Tenth Circuit. See Notice of Appeal at 1 (D.N.M. 2020 Doc. 25). The Tenth Circuit dismissed the appeal for lack of jurisdiction, finding that the Court's opinion is not a final decision with issues still being considered on remand. See Marcus v. Doña Ana Cnty. Treasurer, Doc. No. 010110714661, No. 21-2118, 10th Circuit.

2. **The Remand Opinion.**

On October 5, 2023, the Bankruptcy Court held an evidentiary hearing ("Remand Hearing"). See Transcript of Hearing at 1, filed March 1, 2024 (Doc. 6-5)("Remand Tr."). The Bankruptcy Court thereafter issued the Remand Opinion in the underlying appeal. See Remand Opinion at 452-93. In the Remand Opinion, the Bankruptcy Court first concludes that the Proof of Claim does not include any livestock taxes. See Remand Opinion at 467-69. Next, the Bankruptcy Court concludes that the County does not carry its burden of proving excusable neglect to file a late claim for prepetition livestock taxes. See Remand Opinion at 469-84. Finally, the Bankruptcy Court concludes that there is no basis to disallow the County's administrative expense claim for 2018 livestock taxes other than the Administrative Claims Bar Date. See Remand Opinion at 484-85. The Bankruptcy Court concludes also that Mr. Marcus failed to raise the

defense of laches. See Remand Opinion at 485 n.22. Accordingly, the Bankruptcy Court allows the claim subject to Marcus' right to review and object to the amount thereof. See Remand Opinion at 485.

Following its holdings, the Bankruptcy Court took issue with the Appeal Decision's discussion that enforcing the Administrative Claims Bar Date against the County would violate the County's due process rights. See Remand Opinion at 485-88. The Bankruptcy Court notes that the County never raised a due process defense in response to Marcus' Administrative Claims Bar Date argument. See Remand Opinion at 485. The County did not seek relief under rule 60(b)(4) of the Federal Rules of Civil Procedure. See Remand Opinion at 485. To the contrary, the Bankruptcy Court states that "[t]he County distanced itself from the due process argument . . . by asserting that, in this case, the [Joint Amended Chapter 11] Plan and related documents clearly require [Marcus] to pay the County's administrative expense claim." Remand Opinion at 485. The Bankruptcy Court then recites general rules of appellate practice and procedure pertaining to waiver and the Bankruptcy Court's authority to "decide appeals on grounds they raise sua sponte." Remand Opinion at 486-88. Notably, of the three matters on remand, the Bankruptcy Court does not expressly make a finding pertaining to waiver or due process. See Remand Opinion at 452-93).

       **3.**      **Second Appeal to The District Court.**

Mr. Marcus filed a Notice of Appeal on January 2, 2024 (Doc. 2), and filed his Opening Brief on May 20, 2024. (Doc 15). In the Opening Brief, Marcus raises the following issues on appeal:

    (1)    whether the County waived "due process" as grounds to allow its untimely claim for the 2018 Livestock Taxes by failing to assert it at the trial court, and thus the Appeals Decision erroneously ruled on a defense that it raised sua sponte;

  (2)  whether the County was provided sufficient notice to satisfy the inherent due process concerns elicited by a bar date, especially in light of the County's inexcusable neglect, and override 11 U.S.C. § 503, via proper and actual notice; and

  (3)  whether the Bankruptcy Court erred in finding that Mr. Marcus had not raised the defense of laches for lack of using the explicit term laches' in his argument for finality.

Opening Brief at 8.

On June 13, 2024, the County moved to strike Issues I and II of the Opening Brief. See Appellee's Motion to Strike Portions of Appellant's Brief And/Or to Dismiss This Appeal As To All Issues Not Related To Holdings of the Bankruptcy Court On Remand, filed June 13, 2024 (Doc. 16)("Motion to Strike"). On March 10, 2025, the Honorable Judge Kevin R. Sweazea, United States Magistrate Judge for the United States District Court for the District of New Mexico, held a telephonic status conference regarding the County's Motion to Strike. See Clerk's Minutes at 1, filed March 10, 2025 (Doc. 23). At the status conference, the parties stipulated to withdraw Issues I and II of Marcus' Opening Brief on the basis of the law-of-the-case doctrine, to withdraw the County's Motion to Strike, and to preserve Marcus' right to appeal to the Tenth Circuit Issues I and II of the Opening Brief. See Clerk's Minutes at 1. On March 17, 2025, the parties submitted a joint motion in accordance with the parties' stipulation at the March 10 status conference. See Joint Motion to Preserve Appellant's Right to Appeal Court's 2021 Order and Judgment, Withdraw Issues I-II of Appellant's Opening Brief Herein, and Withdraw Appellee's Motion to Strike, filed March 17, 2025 (Doc. 26)("Joint Motion"). On March 18, 2025, the Court entered an Order granting the parties' stipulation. See Order Granting Preservation of Appellant's Right to Appeal the District Court's 2021 Order and Judgment, Withdrawal of Issues I-II of Appellant's Opening Brief, and Withdrawal of Appellee's Motion to Strike at 1, filed March 18, 2025 (Doc. 29).

On March 13, 2025, the County responded to the Opening Brief limited to the remaining issue before the Court: "whether the Bankruptcy Court erred in finding that [Marcus] had not raised the defense of laches for lack of using the explicit term laches' in his argument for finality." Response Brief at 8.  On March 18, 2025, Marcus timely replied.  See Reply Brief of Appellant Robert Marcus, Not Individual, But Solely In His Capacity As Successor Liquidating Trustee Of The Las Uvas Dairies Liquidating Trust at 1 (Doc. 27)("Reply Brief").

## ANALYSIS

The sole issue on appeal before the Court is whether the Bankruptcy Court erred in finding that Marcus did not raise the affirmative defense of laches in his "finality" arguments on remand. Opening Brief at 8.  The Court concludes that Marcus has not waived the laches defense.  At the Remand Hearing, Marcus' arguments capture the core of a laches defense: delay and prejudice. See Remand Hearing at 187:15-25 (Morse); Biodiversity Conservation All. v. Jiron, 762 F.3d at 1090-91.  Accordingly, the Court holds that the Bankruptcy Court erred in declining to consider Marcus' laches defense.

**I.    THE COURT REVIEWS DE NOVO THE LEGAL QUESTION WHETHER APPELLANT RAISED THE AFFIRMATIVE DEFENSE OF LACHES.**

The parties disagree about the appropriate standard of review.  Marcus contends that the Bankruptcy Court's conclusion that he did not raise the laches defense is a legal conclusion and, therefore, de novo appellate review applies.  See Opening Brief at 8.  The County counters that the Bankruptcy Court's conclusion is factual and is hence subject to clear error, and its decision to not consider the affirmative defense of laches is subject to the abuse-of-discretion standard.  See Response Brief at 4-5.  The Court agrees with Marcus that the Court's review is de novo.  "Whether an affirmative defense has been waived is a mixed question of law and fact . . . ." Ahmad v. Furlong, 435 F.3d 1196, 1200 (10th Cir. 2006)(Hartz, J.)(citing FDIC v. Oaklawn Apartments,

959 F.2d 170, 173 (10th Cir. 1992)). A "mixed question of law and fact is reviewed de novo when [the] issue involves primarily consideration of legal principles." Ahmad v. Furlong, 435 F.3d at 1201 (citing Mullan v. Quickie Aircraft Corp., 797 F.2d 845, 850 (10th Cir. 1986))(this Court's MOO adds brackets). Here, the facts at issue are Marcus' statements at the Remand Hearing. The Court's analysis focuses however, primarily on these statements' legal significance. Accordingly, the Court's review is de novo.

**II.    THE BANKRUPTCY COURT INCORRECTLY CONCLUDES THAT APPELLANT DID NOT RAISE THE DOCTRINE OF LACHES.**

Laches is an affirmative defense, see Biodiversity Conservation Alliance v. Jiron, 762 F.3d at 1090-91, but it "is well established . . . that failure to raise an affirmative defense by responsive pleading does not always result in waiver," Ahmad v. Furlong, 435 F.3d at 1202 (quoting Moore, Owen, Thomas, & Co. v. Coffey, 992 F.2d 1439, 1445 (6th Cir. 1993)). The Tenth Circuit states that "strict adherence" to rule 8(c) of the Federal Rules of Civil Procedure's affirmative defense pleading requirement "is inappropriate when the purpose of the requirement has otherwise been fulfilled." Ahmad v. Furlong, 435 F.3d at 1201. "Rule 8(c)'s core purpose" is to be a "safeguard against surprise and unfair prejudice." Ahmad v. Furlong, 435 F.3d at 1201 (quoting Williams v. Ashland Eng'g Co., 45 F.3d 588, 593 (1st Cir. 1995)). Accordingly, a defendant's failure to plead an affirmative defense with particularity does not "constitute a waiver" when the plaintiff "clearly anticipates that an issue will be litigated." Ahmad v. Furlong, 435 F.3d at 1201 (quoting Williams v. Ashland Eng'g Co., 45 F.3d 588, 593 (1st Cir. 1995)). See Love v. United States, 540 Fed. App'x 564, 565 (6th Cir. 2013)(per curiam)(stating that "a defense is not necessarily waived if it is raised by motion, the plaintiff has the opportunity to respond, and no prejudice results")(citing Smith v. Sushka, 117 F.3d 965, 969 (6th Cir. 1997)).

Even though Marcus does not utter the word "laches" at the Remand Hearing, considering his laches defense does not prejudice unfairly the County or cause it undue surprise. The doctrine of laches is an affirmative defense that "bars a party's dilatory" -- delayed -- "claim . . . when there is: '(1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense.'" Biodiversity Conservation All. v. Jiron, 762 F.3d at 1090-91 (quoting Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 (2002)). A court may apply the doctrine of laches "where a party, having knowledge of the relevant facts, acquiesces for an unreasonable length of time in the assertion of a right adverse to his own." Jicarilla Apache Tribe v. Andrus, 687 F.2d 1324, 1338 (10th Cir. 1982)(citing Alexander v. Phillips Petroleum Co., 130 F.2d 593, 605 (10th Cir. 1942)). "Laches is considered 'an equitable defense, controlled by equitable considerations." Mile High Indus. v. Cohen, 222 F.3d 845, 857 (10th Cir. 2000)(quoting Halstead v. Grinnan, 152 U.S. 412, 417 (1894)).

At the Remand Hearing, Marcus states:

> But to another point, Your Honor, as I said in my opening, finality is critical here. Finality is what Mr. Marcus is required to rely on, and what he's allowed to administer the trust through. And what they're asking Your Honor to do is open that up at any time, for a governmental entity. But they had their opportunities. They've had opportunity over opportunities. And to the prejudice of other creditors, to the prejudice of the estate -- we're trying to close this up and wind it up -- we're continuing to fight this.

Remand Tr. at 187:15-25 (Morse). Considered in the context of this case's disputes, this argument sums up the essentials of a laches defense. The conflict in this case stems from the County's belated attempts to collect personal property taxes on the debtor's dairy herd after the Bankruptcy Court entered an order confirming trustee Marcus' liquidation plan. See Remand Opinion at 509; Memorandum Opinion and Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition at 5-6, filed September 30, 2021 (D.N.M. 2020 Doc. 23)(Browning, J.)("District Court MOO"). Throughout this case, Marcus has raised legal

arguments focusing on the County's delay in attempting to collect the livestock taxes, see District Court MOO at 20, and the alleged prejudice its delay caused to the creditors, see Remand Order at 523.  Marcus' statements at the Remand Hearing are the same arguments he previously has made, packaged slightly differently.  His statements are recognizable, moreover, as going to the laches defense, which the Bankruptcy Court acknowledges in the Remand Opinion: "It is possible Marcus was attempting to assert a laches defense."  Remand Opinion at 542 n.22.  Marcus' statements at the Remand Hearing about finality provide the County with notice that he is arguing the equities.  See Reives v. Lumpkin, 632 Fed. App'x 34, 35 (2nd Cir. 2016)(summary order)(holding that defendant's belated invocation of the abandonment contract defense did not prejudice the plaintiff, "because abandonment shares a common factual nexus with . . . two affirmative defenses" that the defendant "did raise in his responsive pleading").  Accordingly, the Bankruptcy Court should have considered his laches defense.[8]

**IT IS ORDERED** that: (i) the Court reverses the Bankruptcy Court's Opinion (dated December 1, 2023), filed January 2, 2024 (Doc. 1-1), to the extent that the Bankruptcy Court declined to consider the Appellant's "finality" argument under the doctrine of laches; and (ii) the Court remands this matter to the Bankruptcy Court to consider whether laches disallows the County's Administrative Claim.

_____
UNITED STATES DISTRICT JUDGE

---

[8]Foreclosing Marcus' laches defense is particularly harsh here when the County's attorney has "acknowledged that its 'positions and argument on this have evolved over the last three or four months as I've looked at it from difference [sic] angles and – and also developed some of the case law.'"  Remand Opinion at 523 n.15 (quoting the record).

- 11 -

*Counsel:*

Daniel J. Behles
709 Consulting
Los Ranchos de Albuquerque, New Mexico

--and--

James A. Askew
Askew Law Firm, L.L.C.
Albuquerque, New Mexico

    *Attorneys for Debtor Las Uvas Valley Dairies*

Kevin H. Morse
Neil Rosenbaum
Clark Hill P.L.C.
Chicago, Illinois

--and--

Michael Keeley
Clark Hill P.L.C.
Dallas, Texas

    *Attorneys for Appellant Robert Marcus*

Shay Elizabeth Meagle
Slingshot, L.L.C.
Albuquerque, New Mexico

    *Attorney for Appellee Doña Ana County Treasurer*